**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN JEAN-PIERRE,** | : | **CIVIL ACTION NO. 1:10-CV-1361** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HOWARD HUFFORD, WARDEN,** | : | |
| **F.C.I. SCHUYLKILL,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Steven Jean-Pierre ("Jean-Pierre"), an inmate confined at the Federal Correctional Institution at Schuylkill, Pennsylvania. Jean-Pierre seeks to proceed in forma pauperis. (Doc. 3.) Preliminary review of the petition, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), reveals that the petition is subject to dismissal. Consequently, the motion for in forma pauperis will be granted for the sole purpose of the filing of the action and the petition will be dismissed without prejudice.

**I.    Background**

Jean-Pierre  alleges that he "is currently being unlawfully detained under '24 hours lockdown' against his will and sovereign rights, and without the force and effect of lawful judgement to authorize such." (Doc. 1, at 1.)  "On or about June 2009, Jean-Pierre was designated to Federal Prison Camp ("FPC") Schuykill [sic]

due to 'minimum' security classification." (Doc. 1, at 3, ¶ 10.) "After being there for about '8' months without no infractions or incident report he was placed in handcuffs and taken to (FCI) Schuykill [sic] (SHU) Special Housing Unit. Segregation, which is a place for inmates who has violate[d] (BOP) rules or policies." (Id. at ¶ 11.) He has been informed that there is no pending BOP investigation or incident reports against him. (Id. at 13.) He indicates that he has been in segregation since April 10, 2010. (Id. at 12.)

He alleges that the conditions of his confinement, including a limit on the number of showers he is allowed per week, and no access to telephone, law library, exercise or commissary, amount to cruel and unusual punishment, and have "placed a substantial burden on [his] emotional, mental, psychological and physical status. And is causing an adverse effect on [him]." (Id. at 3, 4, ¶¶ 14, 15.)

## II.   Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553

(2001)).  However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  <u>See</u> <u>Leamer</u>, 288 F.3d at 540.  "Habeas corpus is not an appropriate or available federal remedy."  <u>See</u> <u>Linnen v. Armainis</u>, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Jean-Pierre does not seek speedier or immediate release from custody or challenge the legality of his present incarceration.  Rather, he challenges the conditions of his confinement.  Because he is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action.  Consequently, the petition will be dismissed without prejudice to any right Jean-Pierre may have to reassert his present claims in a properly filed civil rights complaint.

An appropriate order follows.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:     July 2, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN JEAN-PIERRE,** | : | **CIVIL ACTION NO. 1:10-CV-1361** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HOWARD HUFFORD, WARDEN,** | : | |
| **F.C.I. SCHUYLKILL,** | : | |
| | : | |
| **Respondent** | : | |

### <u>ORDER</u>

AND NOW, this 2nd day of July, 2010, it is hereby ORDERED that:

1.  The application to proceed in forma pauperis (Doc. 3) is GRANTED.

2.  The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice.

3.  The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge